IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER, | No. 2:23-CV-0994-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ANDREW MONTGOMERY, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 12.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff states that appointment of counsel is warranted because: (1) she has a mental disability resulting in borderline intellectual functioning; (2) she is uneducated; and (3) she cannot locate an attorney to represent her. As to the alleged mental disability, Plaintiff has not described the limitations resulting from her condition, nor provided any documentation establishing any limitations. In this regard, and despite the claimed mental disability, Plaintiff's filings to date indicate that she is capable of sufficiently articulating her claims and communicating with the Court. Further, Plaintiff's lack of education and inability to locate counsel willing to take her case are typical circumstances for prisoners pursuing litigation in federal court. Finally, at this early stage of the proceedings before the Court has screened Plaintiff's complaint, the Court is unable to find that Plaintiff's has established a likelihood of success on the merits or that the claims involved are overly complex factually or legally.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 12, is denied.

Dated:  September 1, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2