IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>          Plaintiff,<br><br>     v.<br><br>ANDREW MONTGOMERY,<br><br>          Defendant. | No.  2:23-CV-0994-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendant's unopposed motion to revoke Plaintiff's in forma pauperis (IFP) status and dismiss the case.  ECF No. 19.  Defendant has filed a request for judicial notice in support thereof.  See ECF 19-1.  Defendant argues: (1) Plaintiff's IFP status should be revoked, and Plaintiff should be required to pay the full filing fee because he has had three or more prior cases dismissed for failure to state a claim or as frivolous; and (2) Plaintiff's complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim upon which relief can be granted.  See ECF No. 19.  Also before the Court is Defendant's motion for resolution of the pending motion to dismiss.  See ECF No. 21.

/ / /

/ / /

1

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint. See ECF No. 1. The alleged events occurred at the California Medical Facility in Vacaville, California. See id. at 1, 6. Plaintiff claims excessive use of force by Correctional Officer Montgomery, who is named as the only defendant. See id. at 3.

Plaintiff claims to have a developmental disability or cognitive or adaptive functioning deficits. See ECF No. 1 at 5. To understand Plaintiff's claim, the Court relies on attachments to the complaint, specifically Officer Montgomery's report and Clinician Jason Neakrase's mental health assessment.[1]

According to Montgomery's report, while in the prison yard on April 8, 2020, at approximately 2:15 p.m., Plaintiff asked Montgomery to be permitted to return to Plaintiff's cell. Id. at 8. Montgomery denied Plaintiff's request, explaining that "yard unlock" would be at 3:00 p.m. Id. Plaintiff grew upset and became rude and aggressive, speaking negatively about Montgomery to other inmates. Id. Plaintiff then approached an inmate and began calling that inmate names. Id. Montgomery told the inmate to walk away and ordered Plaintiff to approach the fence. Id.

Plaintiff refused. Id. Montgomery then ordered Plaintiff into restraints, and Plaintiff cooperated. Id. When Montgomery placed his hand on Plaintiff's arm, Plaintiff attempted to pull away and break free of Montgomery's grip. Id. Montgomery ordered Plaintiff to stop resisting and to not pull away, and in response Plaintiff "shouldered" Montgomery. Id. Montgomery was walking with Plaintiff when Plaintiff again pushed into Montgomery's chest. See id. Montgomery told Plaintiff, "Stop resisting and do not dictate the pace of my escort." Montgomery claims Plaintiff replied, "Fuck you I dictate my pace on things. Deal with it!" Id.

///
///
///

---

[1] The Court may consider materials attached to the complaint pursuant to Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007).

        Once Plaintiff was inside, Plaintiff attempted to break free of Montgomery two or three more times. Id. In the presence of another officer, Plaintiff said "When you get me back to my cell, I'm gonna spit in your motherfuckin face and I ain't given these cuffs up either." Id. The other officer placed a spit mask on Plaintiff. Id. at 8-9. Montgomery decided to place Plaintiff in an observation room to deescalate the situation. Id. at 9. Once the cell door was open, Plaintiff struck Montgomery in the chest with her left shoulder and tried to break away. Id. Montgomery immediately responded by gripping Plaintiff by the arms and forcing her to the ground. Id. Their legs entangled, and Plaintiff landed on Plaintiff's chest while Montgomery landed on his knees. Id. Montgomery ordered Plaintiff to roll over and Plaintiff complied. Id.

        Neakrase notes that Plaintiff's adaptive supports were not addressed by Montgomery. Id. at 5. Plaintiff requires staff to speak slowly, use simple English, give multiple reminders, and give simplified instructions. Id. Montgomery did not effectively communicate with Plaintiff about why Plaintiff wanted to leave the yard early or why Plaintiff's request was denied. Id. Plaintiff denied pulling away from or bumping into Montgomery. Id. Plaintiff admits that Montgomery told Plaintiff several times not to dictate the pace, but Plaintiff did not understand what Montgomery was saying. Id. Plaintiff is tall and naturally takes long strides, especially when agitated. Id. When Nearkrase asked Plaintiff why Plaintiff did not slow down, Plaintiff stated that it "seemed unable to fathom how one would do that." Id.

        Plaintiff denied ever threatening to spit on Montgomery and was mystified when the spit mask was called for. Id. Plaintiff believes Montgomery slamming Plaintiff to the ground was unprovoked. Id. Neakrase points out cognitively disabled individuals can have poor awareness of their bodily movements in space, especially when upset. Id. If Montgomery used calm words that Plaintiff understood, it is likely the physical altercation could have been avoided. Id.

        On September 7, 2023, the Court directed that this case proceed on Plaintiff's Eighth Amendment excessive force claim against Defendant Montgomery. See ECF No. 14.

///

///

## II. DISCUSSION

Defendant's motion raises two distinct arguments. First, Defendant argues that the complaint should be dismissed for failure to state a claim. Second, Defendant argues that Plaintiff's IFP status should be revoked under the Prison Litigation Reform Act's (PLRA) "three-strikes" provision. See ECF No. 19.

### A. Revocation of IFP Status

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

As reflected in Defendant's request for judicial notice, which will be granted, Plaintiff has already been found to have had three or more prior strikes. See ECF No. 19-1; see also Miller v. Montgomery, E. Dist. Cal. Case No. 2:23-cv-00100-TLN-EFB-P. The Court also agrees with Defendant that the allegations in the current action do not suggest that Plaintiff was under imminent threat of serious injury at the time the action was filed on April 13, 2023. The Court will, therefore, recommend that Plaintiff's in forma pauperis status for this action be revoked and that Plaintiff be ordered to pay the filing fees in full.

### B. <u>Failure to State a Claim</u>

In considering a motion to dismiss for failure to state a claim, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

///

///

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Defendant argues that Plaintiff's complaint is incomprehensible and thus fails to comply with Rule 8.  See ECF No. 19, pgs. 4-5.  Defendant also argues that the facts alleged fail to state a claim upon which relief can be granted.  See id. at 5.  While the Court agrees that the handwritten complaint itself is not a model of clarity, applying a lenient pleading standard and considering the report attached to Plaintiff's complaint, as the Court may, the Court continues to find that the complaint fairly states a cognizable Eighth Amendment excessive force claim.  In dispute is whether, given knowledge of Plaintiff's developmental deficits, Defendant Montgomery acted with deliberate indifference to such deficits when escorting Plaintiff.  The Court finds that, when considering attached documents, there are enough facts alleged in the complaint to state a plausible claim for relief and that Defendant will not be prejudiced by being required to plead in response.

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

    1.    It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

    2.    It is ORDERED that Defendant's request for judicial notice, ECF NO. 19-1, is GRANTED.

    3.    It is RECOMMENDED that Defendant's motion to revoke Plaintiff's in forma pauperis status, ECF No. 19, be GRANTED and that Plaintiff be ordered to pay the full filing fees.

    4.    It is RECOMMENDED that Defendant's motion to dismiss for failure to comply with Rule 8 and for failure to state a claim, ECF No. 19, be DENIED.

    5.    It is ORDERED that Defendant's motion for a ruling, ECF No. 21, be GRANTED insofar as the Court herein recommends resolution of Defendant's pending motion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 8, 2024

                                            DENNIS M. COTA
                                            UNITED STATES MAGISTRATE JUDGE