IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>        Plaintiff,<br><br>  v.<br><br>ANDREW MONTGOMERY,<br><br>        Defendant. | No. 2:23-CV-0994-KJM-DMC-P<br><br><br><u>ORDER</u> |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

      On April 24, 2025, the Magistrate Judge filed findings and recommendations, which were served on the parties, and which contained notice that the parties may file objections within the time specified therein.  Timely objections to the findings and recommendations have been filed.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record.  The court writes separately to clarify its reasons for adopting the recommendation to impose dismissal as a sanction.  ECF No. 27.

/////

1

1  "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."
2  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Raiford v. Pounds*, 640 F.2d
3  944, 945 (9th Cir. 1981)). Before acting, the court must weight five factors to determine if
4  dismissal is an appropriate sanction: "(1) the public interest; (2) the court's need to manage the
5  docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of
6  cases on their merits; and (5) the availability of less drastic alternatives." *Bautista v. Los Angeles*
7  *Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) (citation omitted). "The Ninth Circuit 'may affirm a
8  dismissal where at least four factors support dismissal, . . . or where at least three factors
9  "strongly" support dismissal.'" *Stone v. City of Tucson*, 249 F.R.D. 326, 327 (D. Ariz. 2008)
10 (citations omitted).

11  Here, the first and second factors weigh in favor of dismissal. "[T]he public's interest in
12 expeditious resolution of litigation" strongly favors dismissal. *Yourish v. California Amplifier*,
13 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage the docket also strongly favors
14 dismissal due to the high caseload in the Eastern District of California and the many other cases
15 requiring the court's attention.

16  The third factor, risk of prejudice to the defendant, weighs in favor of dismissal.
17 "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference
18 to the strength of the plaintiff's excuse for the default." *Malone v. U.S. Postal Serv.*, 833 F.2d
19 128, 131 (9th Cir. 1987). The plaintiff's objections do not directly address her failure to pay the
20 filing fee within thirty days of the January 30, 2025, order. As of July 29, 2025, the fee is 180
21 calendar days overdue. Because "[u]nreasonable delay creates a presumption of injury to the
22 defense," this factor weighs in favor of dismissal. *See Henderson*, 779 F.2d at 1423.

23  The fourth factor weighs strongly against dismissal, especially in civil rights cases.
24 *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Finally, the fifth factor also
25 weighs in favor of dismissal. "'In cases involving *sua sponte* dismissal of an action, rather than
26 dismissal following a noticed motion under Rule 41(b), Fed. R. Civ. P., there is a closer focus on'
27 the considerations of less drastic alternatives and warning to the party." *Stone*, 249 F.R.D. at 327
28 (quoting *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992)). The court has considered less

drastic alternatives when a plaintiff has been warned that failure to obey a court order will result in dismissal. *Malone*, 833 F.2d at 132–33. Here, the findings and recommendations put plaintiff on notice that her case was at risk of dismissal. Moreover, failure to follow local rules may be grounds for dismissal. *Ghazali v. Moran*, 36 F.3d 52, 53 (9th Cir. 1995). This Court's Local Rule 110 indicates that "[f]ailure . . . of a party to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Additionally, there are few options left for the court to pursue. Given the plaintiff's failure to pay the filing fee, it appears that monetary sanctions are of little use. The recommended sanction, dismissal without prejudice, is less drastic than dismissal with prejudice. For these reasons, the fifth factor weighs in favor of dismissal.

Because four factors weigh in favor of dismissal, and considering all the relevant circumstances, the court adopts the findings and recommendations, ECF No. 27, in full.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed April 24, 2025, ECF No. 27, are adopted in full.

2. This action is dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders.

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 1, 2025.

UNITED STATES DISTRICT JUDGE

3